Shinn v. Matheny.

## Shinn v. Matheny.

1. *Agency—Burden of Proof.*—In a controversy between parties litigant as to whether a person was the agent of and authorized to bind the defendant, the burden of proof is upon the plaintiff.

2. *Agency—Presumption.*—The presumption of agency arising from the fact that the defendant owned a house being remodeled, and had

knowledge of the work which was done upon it, including that done by the plaintiff, and furnished a part of the money to pay for such remodeling, is a presumption of fact and may be rebutted.

3. *Mechanic's Liens—Filing Statement.*—On the question as to whether section 4 of the Mechanic's Lien Law as amended in 1887 (Laws 1887, 219), providing for the filing of a statement of his claim by a person claiming a lien, is an essential condition of his right to file his petition, or applies only as between the lien claimant and other creditors, or incumbrancer or purchaser, and not as between such claimant and the debtor, the inclination of the court is that it is an essential condition of the right to bring a suit for a lien, etc.

**Memorandum.**—Petition for mechanic's lien. Appeal from a decree dismissing the petition, entered by the Circuit Court of Sangamon County; the Hon. JAMES W. CREIGHTON, Circuit Judge, presiding. Heard in this court at the November term, 1891, and affirmed. Opinion filed October 24, 1892.

## APPELLEE'S STATEMENT OF THE CASE.

Appellant on October 11, 1887, filed a petition for mechanic's lien for services as architect in preparing plans and drawings for remodeling a dwelling house belonging to appellee, and also for superintending part of the work of remodeling and improving said house, alleging that the contract for such services was made through John N. Dixon, as agent of appellee, and that the time the same should be paid for, was not specifically agreed upon, but that by means of the rendering of the services she became liable to pay within a reasonable time, to wit, on September 1, 1887, so much as said services were reasonably worth. Appellee denied that she employed appellant to perform the services stated, either directly or through any agent; that John N. Dixon was her agent for that purpose, or that she authorized him or any one else to employ appellant in and about said work, and that she owed appellant the sum claimed. On the hearing the court dismissed the bill, no reasons being stated.

GROSS & BROADWELL, attorneys for appellant.

## APPELLEE'S BRIEF.

The remedy sought by this proceeding is exclusively the

creature of the statute, and without the aid of the statute, can not be maintained. Such lien is unknown either at law or in equity, and independently of the statute no equitable principles exist which can come to the aid of the creditor. Phillips on Mechanics' Liens, Sec. 297; McCarthy v. New, 93 Ill. 455; Crowl v. Nagle, 86 Ill. 437.

The statute must be strictly construed. Cook v. Heald, 21 Ill. 429; McDonald v. Rosengarten, 35 Ill. App. 71.

The statute in force when the contract of appellant was made, conferred the right to a lien; the remedy must be sought under the amended law. The suit was commenced long after July 1, 1887. Garrett v. Stevenson, 3 Gilm. 263; Dobbins v. First National Bank, 112 Ill. 562; Phillips on Mechanics' Liens, Sec. 24.

The contract was not made with reference to the land sought to be subjected to the lien which is necessary to the assertion of the right. Wendt v. Martin, 89 Ill. 139.

The credit having been given to and the services rendered upon the responsibility of a person not the owner of the premises, and with knowledge of all the facts, no lien can be created on the property of appellee. Wendt v. Martin, 89 Ill. 139; Proctor v. Tows, 115 Ill. 138; Little v. Vredenburgh, 16 Brad. 189.

Conkling & Grout, attorneys for appellee.

Opinion of the Court, the Hon. George W. Pleasants, Judge.

This was a petition filed October 11, 1887, by appellant, an architect, to enforce a lien for plans and specifications for, and superintending work in remodeling the dwelling-house of appellee, in the city of Springfield. It alleges that the agreement for his services was made verbally with John N. Dixon, as agent of appellee, in April, 1887; that no time was thereby fixed within which he was to do the work, nor any price for it, but the plans and drawings were to be made and delivered in a reasonable time, and on delivery he was to be paid a reasonable price; that he made them

accordingly, and they were delivered to and accepted by appellee and used in the remodeling and improvement of said dwelling; that while the work was going on, at the request of appellee he superintended it, without any express agreement as to amount of compensation or time of payment, and appellee thereby became liable to pay him a reasonable compensation therefor within a reasonable time, to wit, on the first of September, 1887; that said plans, drawings and superintendence were reasonably worth the sum of $245, and payment thereof was due September 1, 1887, but no part of it has been paid.

The answer, which was not under oath, admitted none of these allegations except that of her ownership of the dwelling-house. It denied that she employed appellant, directly or indirectly; that Dixon was her agent, or that she authorized him or anybody else, to employ him for her, for that purpose; that she accepted any plans or drawings; that he superintended the work at her request, and that anything is due from her to him.

To this answer a general replication was filed, the cause was referred to the master, who reported the proofs, and on the hearing, a decree was made dismissing the petition, on what ground it does not state.

The main question upon the merits is whether appellee was bound by Dixon's employment of appellant. Appellant himself was the only witness in his behalf whose testimony bore directly upon that question. He did not testify that he ever had any direct communication with appellee on the subject of his employment. He did testify that Dixon employed him and said he would pay him, and that he did not say that he was authorized by her, or even that he was assuming to act for her, in the premises. The charges in his books and the bill rendered were against Dixon. His last demand was by a note of September 9, 1887, which was as follows:

"DR. J. N. DIXON, City:

*Dear Sir:* Yours received, declining to pay bill, so if you do not send check for amount of bill on receipt of this, I

will proceed to collect same by law. I have charged you a reasonable price for time and material, and propose to have pay for same.

Yours, etc.,<br>C. W. Shinn."

He claims to have inferred that Dixon was authorized to act, and was acting as agent for appellee, from the facts that she owned the house, that Dixon was her son-in-law, living with her, that he said she was furnishing the larger part of the money for the work, and that when he brought the elevations back he further said they suited the folks at the house. It does not appear that he said or did anything tending to show that he had drawn this inference or had this understanding at any time before he filed this petition. No one would suppose from his note, above quoted, that he then looked to anybody but Dixon for payment. His own testimony, taken by itself, is certainly not conclusive. His other witnesses were Mr. Beam, the carpenter and builder who did the work, and Mr. Bullard, who had drawn some plans for it which were not satisfactory. Beam testified that Dixon agreed with him for the carpenter work, paid him in his own checks, and that he did not know any one else in the matter; and Bullard, that said Dixon employed and paid him and that he had no business transaction with appellee. Their testimony does not materially strengthen that of appellant. What Dixon said in the absence of appellee would not bind her, unless he was her agent or authorized by her to say it.

He testified positively that he was not her agent, nor in any way authorized to bind her in respect to appellant's employment or work, and never so represented; that he was acting for himself in contracting with appellant. His wife was appellee's only child. They had occupied the house together before and expected to do so after its reconstruction. The plans were considered with reference to that expectation, and for the convenience of all, but he understood he was to do as he pleased about the reconstruction. He says he refused to pay the bill because it was largely in

excess of the amount agreed on, which was denied. Appellee was not a witness in the case.

The burden of proof was upon appellant, and we think this statement of the evidence, which embraces the substance of all that was material, obviates the necessity of argument to show that we ought not to disturb the finding of the chancellor. The presumption of agency, from appellee's ownership, knowledge of the work which was to be done and which was done, including that by appellant, and furnishing in part the money to pay for it, is but a presumption of fact which may be rebutted, and we are not prepared to say it was not overcome in this case.

It was not shown that appellant filed any statement of his claim before bringing the suit, and the question is made whether, under Sec. 4, of the Mechanic's Lien Law, as amended in 1887 (Laws of 1887, p. 219), such filing was an essential condition of his right to bring it. Much of the argument on each side is addressed to that question. It is contended for appellant that this section was intended to apply, like Sec. 28 of the act as it stood prior to 1887, only as between the lien claimant and any other creditor, or incumbrancer or purchaser, and not as between such claimant and the debtor; that so to apply it in this case would also give it a retrospective effect, and in any case expose it to the inhibition of Sec. 13, of Art. 4 of the Constitution, as not being germane to the original section. Our inclination is against each of these points, but we do not decide the questions because, irrespective of the effect of said section, we think the petition was rightly dismissed. Decree affirmed.